UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEVEN BOY NAH,                                  Case No. 25-CV-4308 (PJS/LIB)

          Plaintiff,

v.                                                                ORDER

ROCHESTER POLICE DEPARTMENT;
CITY OF ROCHESTER MN; BEN
SCHLAG, Officer – #2388; EDHOLM,
Officer – #2511; XIONG, Officer – #2501;
LOGAN, Officer – #2365; KENISON,
Officer – #2507; HOLTY, Officer – #2469;
SAMMON, Officer – #2346; BOWRON,
Officer – #2506; PETERSON, Officer –
#2497; FITZGERALD, Officer – #2474;
and JACOBSON, Officer – #2428,

          Defendants.

---

Steven Boy Nah, *pro se*.

Plaintiff Steven Boy Nah alleges that he was unlawfully arrested by defendants Ben Schlag and Nathan Edholm,[1] officers of the City of Rochester Police Department. Nah now seeks relief pursuant to 42 U.S.C. § 1983 from Schlag, Edholm, several other Rochester police officers, the Rochester Police Department, and the City of Rochester.

Nah did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. The Court concludes that Nah qualifies

---

[1]Edholm's first name is not identified in the caption of the complaint, but Nah refers to Edholm by his full name later in the pleading. *See* Compl. at 4, ECF No. 1.

financially for IFP status and that he has stated at least a colorable claim for relief with respect to Schlag and Edholm.[2]  Accordingly, Nah's IFP application will be granted.

That said, because Nah has applied for IFP status, the Court must review his complaint and dismiss any claims that are frivolous or malicious, or that fail to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Based on that review, the Court concludes that Nah has not stated a viable claim for relief with respect to any of the defendants other than Schlag and Edholm.  Thus, each of the remaining defendants will be dismissed without prejudice pursuant to § 1915(e)(2)(B).

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they

---

[2]This preliminary conclusion does not preclude Schlag or Edholm from seeking dismissal of Nah's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure after Nah's complaint is served.

still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In addition to Schlag and Edholm (who are each alleged to have directly participated in the arrest at issue), Nah also names nine additional Rochester police officers as defendants to this action. None of these officers are mentioned by name again outside of the caption of the complaint, and the only basis that Nah provides for having sued these officers is their alleged failure to intervene in the unlawful arrest. *See* Compl. at 4. As an initial matter, § 1983 claims of failure to intervene almost always arise in the context of excessive-force claims, not unlawful-arrest claims. *See Nance v. Sammis*, 586 F.3d 604, 611–12 (8th Cir. 2009) (tracing history of failure-to-intervene claims related to excessive use of force); *Krout v. Goemmer*, 583 F.3d 557, 565–66 (8th Cir. 2009) (same). It is far from clear that an officer's failure to intervene in an arrest that is not supported by probable cause would, by itself, provide a basis for liability under § 1983. Even if it would, however, a conclusory statement that a defendant failed to intervene is not, in and of itself, sufficient to state a claim on which relief may be granted. A claimant under § 1983 must plead facts, not conclusions, establishing that the individual defendant being sued violated the law through his or her actions. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Nah's

complaint falls short in that regard with respect to each individual officer apart from Schlag and Edholm.

Nah also seeks relief from the City of Rochester and its police department. A governmental entity may be held liable under § 1983 only if the entity itself participated in or contributed to the allegedly unconstitutional conduct, such as through implementation of either an official policy or unofficial custom that is unlawful. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). No such official policy or unofficial custom is identified in the complaint. Nah alleges that the municipal defendants should be liable under § 1983 due to having failed to fire Schlag following a prior disciplinary incident and due to his "racist history," Compl. at 4, but Nah has not plausibly alleged that Schlag's prior misbehavior would have put the City of Rochester or its police department on notice that Schlag would act unlawfully in the manner alleged in the pleading. Nah cannot maintain a claim pursuant to *Monell* based solely on the allegations provided in the complaint.

Accordingly, all defendants except Schlag and Edholm are dismissed without prejudice from this action pursuant to § 1915(e)(2)(B). Nah's IFP application is granted with respect to Schlag and Edholm.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants Rochester Police Department, City of Rochester, Xiong, Logan, Kenison, Holty, Sammon, Bowron, Peterson, Fitzgerald, and Jacobson are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is GRANTED.

3. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for defendants Ben Schlag and Nathan Edholm.  If plaintiff does not complete and return the Marshal Service Forms within 30 days of this order, this matter will be dismissed without prejudice for failure to prosecute.  Marshal Service Forms will be provided to plaintiff by the Court.

4. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from defendants Schlag and Edholm, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

5. If defendants Schlag or Edholm fail without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting

service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver-of-service form. *See* Fed. R. Civ. P. 4(d)(2).

Dated: December 15, 2025              /s/ Patrick J. Schiltz
                Patrick J. Schiltz, Chief Judge
                United States District Court